UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WINONA MAE PALMIOTTI,

                           Plaintiff,                      **MEMORANDUM & ORDER**

   -against-                                        15-CV-2365 (DRH)(ARL)

JAF CARRIER L.L.C. d/b/a Bagir Trucking, C.H.
ROBINSON COMPANY INC., C.H. ROBINSON
TRANSPORTATION COMPANY, C.H.
ROBINSON WORLDWIDE, INC., JOSE
CARANZA a/k/a Jose Cruz, and JETRO CASH
AND CARRY ENTERPRISE, LLC,

                           Defendants.
-------------------------------------------------------------X
**APPEARANCES:**

**Jaroslawicz & Jaros**
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, NY 10007
By:    David Jaroslawicz, Esq.
        Norman E. Frowley, Esq.

**Dopf, P.C.**
Attorneys for Defendant JAF Carrier, LLC, s/h/a JAF Carrier, L.L.C. d/b/a Bagir Trucking
440 Ninth Avenue
New York, NY 10001
By:    Martin B. Adams, Esq.

**Wilson, Elser, Moskowitz, Edelman & Dicker LLP**
Attorneys for Defendants C.H. Robinson Company, Inc., C.H. Robinson Transportation
Company Inc. and C.H. Robinson Worldwide, Inc.
1133 Westchester Avenue
White Plains, NY 10604
By:    Lindsay J. Kalick, Esq.

**Morris Duffy Alonso & Faley**
Attorneys for Defendant Jetro Cash and Carry Enterprises, LLC s/h/a Jetro Cash and Carry
Enterprise, LLC
Two Rector Street, 22d Floor
New York, NY 10006
By:    Mark Healy, Esq.

**HURLEY, Senior District Judge:**

This is an action to recover for personal injuries sustained by Plaintiff Winona Mae Palmiotti ("Plaintiff" or "Palmiotti"). Presently before the Court is a motion by the defendants challenging the existence of diversity subject matter jurisdiction and a motion by Plaintiff to amend her complaint. For the reasons set forth below, defendants' motion is granted to the extent that this matter is remanded to the Supreme Court, Suffolk County, and Plaintiff's motion is denied.

## PROCEDURAL BACKGROUND

As commenced in state court, the complaint named as defendants JAF Carrier, LLC, s/h/a JAF Carrier, L.L.C. d/b/a Bagir Trucking ("JAF"), C.H. Robinson Company, Inc., C.H. Robinson Transportation Company Inc. and C.H. Robinson Worldwide, Inc. (collectively "Robinson Defendants") and Jose Caranza a/k/a Jose Cruz ("Caranza"). That complaint identified the parties as follows: Plaintiff as a resident of New York; JAF as a "foreign limited liability company" organized under the laws of Virginia; and the Robinson defendants as foreign corporations organized under the laws of Minnesota (Company and Transportation) and Delaware (Worldwide). On April 27, 2015, the Robinson Defendants removed the action to this Court on the ground of diversity of citizenship.[1]

By stipulation of the parties approved by the Court, plaintiff filed an amended complaint on December 3, 2015 adding Jetro Cash and Carry Enterprise, LLC ("Jetro") as a defendant. The

---

[1] While the state court complaint did not allege the citizenship of Caranza, the notice of removal identified him as a citizen of Virginia. After the action was removed, Plaintiff dismissed her claims against Caranza.

amended complaint alleges that Jetro "is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York." (DE 25 at ¶ 11.)[2]

Shortly after answers to the amended complaint were filed, JAF sought leave to file a motion directed to subject matter jurisdiction and seeking dismissal of this action and its remand to state court. Similar requests by Jetro and the Robinson Defendants soon followed, as well as a request by plaintiff to file a motion to amend her complaint. Leave was granted and the following motions have been filed: (1) a motion to dismiss by JAF, in which the Robinson Defendants join; (2) a motion to dismiss and remand by Jetro; and (3) a motion to amend the complaint by plaintiff. The motions by JAF and Jetro both focus on Jetro's citizenship.

## DISCUSSION

### I. Standard of Review

#### A. Federal Rule of Civil Procedure 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

---

[2] The Court notes that Jetro's answer denies the allegation that it was organized under the laws of New York.

### B. 28 U.S.C. § 1447

28 U.S.C.§ 1447 provides for the procedure after a case has been removed to federal court. Subsection (c) explainns that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.§ 1447(c). It is the appropriate standard to apply where, as here, a complaint has been amended to add a party and it is claimed that the amendment has destroyed complete diversity thereby divesting the court of jurisdiction. *Rosenfeld v. Lincoln Life Ins. Co.*, – F. Supp.3d –, 2017 WL 945114, *2 (E.D.N.Y. Mar. 9, 2017).

### C. Principles Regarding Diversity Jurisdiction

Diversity jurisdiction exists when all plaintiffs are citizens of states diverse from those of all defendants. *Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). The party asserting diversity jurisdiction has the burden to prove the same. *Pennsylvania Pub. Sch. Employees' Ret. Sys.*, 772 F.3d at 118. "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[.]" *Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted). "A conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." *Richmond v. International Bus. Machs. Corp.*, 919 F. Supp. 107, 108 (E.D.N.Y. 1996), *aff'd*, 841 F.2d 1116 (2d Cir. 1988). For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." *Davis v. Cannick*, 2015 WL 1954491, at

*2 (E.D.N.Y. 2015); *Young-Gibson v. Patel*, 476 F. App'x 482, 483 (2d Cir. June 12, 2012)).

"For purposes of diversity jurisdiction, [an individual's] citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).

A corporation is deemed to be a citizen of the state in which it is incorporated and of the state or foreign state where it has its principal place of business. 28 U.S.C. 1332(c)(1); *Carter v. HealthPort Tech., LLC*, 882 F.3d 47, 60 (2d Cir. 2016). "A corporation's principal place of business under § 1332 is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.' In practice, this 'should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

The citizenship of a limited liability company ("LLC") is determined by the citizenship of each of its members. *See, e.g., Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Vill. Assocs. Ltd P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010), (citing *Handelsman,* 213 F.3d at 51–52); *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp.2d 385, 389 n.1 (S.D.N.Y. 2006), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010). If the member or members of a limited liability company are themselves a limited liability company, citizenship is determined by an upstream

analysis of its members and structure. *Bayerische*, 692 F.3d at 49.

## II. Diversity Jurisdiction and the Amended Complaint

The first issue to be addressed is whether this Court has subject matter based on the current pleading, *viz.* the amended complaint. The allegations in that pleading as to the named parties are as follows:

> 1. At all times hereinafter mentioned, plaintiff is a resident of the State of New York, County of Suffolk.
> 2. At all times hereinafter mentioned, defendant JAF Carriers L.L.C. ("JAF") is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Virginia.
> 3. At all times hereinafter mentioned, defendant JAF is a trucking company doing business in the State of New York
> 4. At all times hereinafter mentioned, upon information and belief, defendant JAF does business under Bagir Trucking.
> 5. At all times hereinafter mentioned, defendant C.H. Robinson Company Inc. is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Minnesota, authorized to do business and doing business in the State of New York.
> 6. At all times hereinafter mentioned, defendant C.H. Robinson Transportation Company is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Minnesota, authorized to do business and doing business in the State of New York.
> 7. At all times hereinafter mentioned, defendant C.H. Robinson Worldwide, Inc. is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, doing business in the State of New York.
> 8. At all times hereinafter mentioned, the C.H. Robinson defendants act as truck brokers.
> 9. At all times hereinafter mentioned, defendant Jose Caranza ("Caranza") is also known as Jose Cruz was acting as an agent, servant, and/ or employee of defendant JAF in further of its business .
> 10. At all times hereinafter mentioned, defendant Caranza was acting as an agent, servant, and/ or employee of the C.H. Robinson defendants in furtherance of their business.

> 11. At all times hereinafter mentioned, defendant Jetro Cash and Carry Enterprise, LLC ("Jetro") is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.
> 12. At all times hereinafter mentioned, defendant Jetro owned the premises known as 1349 132nd Street in College Point, New York.
> 13. At all times hereinafter mentioned, defendant Jetro operated the aforementioned premises.
> 14. At all times hereinafter mentioned, defendant Jetro maintained the aforementioned premises.
> 15. At all times hereinafter mentioned, defendant Jetro managed the aforementioned premises

Amended Complaint (DE 25) ¶¶ 1-15.

Even a cursory review of the above allegations reveals that they are facially insufficient to establish diversity subject matter jurisdiction. First, that plaintiff is a "resident" of New York does not constitute a sufficient allegation of her state of domicile. *Avant Capital Partners, LLC v. W108 Dev. LLC*, 2016 WL 366056 (S.D.N.Y. June 30, 2016); *Davis,* 2015 WL 1954491, at *2; *Young-Gibson*, 476 F. App'x at 483. Second, lacking are allegations as to the principal place of business of all three of the Robinson defendants. *See Carter,* 882 F.3d at 60. Third, there is no allegation as to the domicile of Caranza. *See Leveraged Leasing,* 87 F.3d 44, 47 ("[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[.]" ). Lastly, as both JAF and Jetro are "LLC's" the allegations with respect to where they are "duly organized and existing under" does not state their citizenship. *New Millennium Capital Partners,* 2010 WL 1257325, at *1.

As the amended complaint was already filed, the above deficiencies require remand, as opposed to dismissal, *see Rosenfeld,* 2017 WL 945114, at *2, unless subject matter exists under the proposed (second) amended complaint. Accordingly, the Court now turns to that pleading.

**III.     Diversity Jurisdiction and the Proposed (Second) Amended Complaint.**

The Proposed (Second) Amended Complaint ("PAC") contains the following allegations regarding the parties:

> 1. At all times hereinafter mentioned, plaintiff is a resident of the State of New York, County of Suffolk.
> 2. At all times hereinafter mentioned, defendant JAF Carriers L.L.C. ("JAF") is a foreign limited liability company, duly organized and existing under and by virtue of the laws of the State of Virginia.
> 3. At all times hereinafter mentioned, defendant JAF is a trucking company doing business in the State of New York.
> 4. At all times hereinafter mentioned, upon information and belief defendant JAF does business under Bagir Trucking.
> 5. At all times hereinafter mentioned, defendant C.H. Robinson Company Inc. is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Minnesota, authorized to do business and doing business in the State of New York.
> 6. At all times hereinafter mentioned, defendant C.H. Robinson Transportation Company is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Minnesota, authorized to do business and doing business in the State of New York.
> 7. At all times hereinafter mentioned, defendant C.H. Robinson Worldwide, Inc. is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, doing business in the State of New York.
> 8. At all times hereinafter mentioned, the C.H. Robinson defendants act as truck brokers.
> 9. At all times hereinafter mentioned, defendant Jose Caranza ("Caranza") is also known as Jose Cruz was acting as an agent, servant, and/ or employee of defendant JAF in further of its business.
> 10. At all times hereinafter mentioned, defendant Caranza was acting as an agent, servant, and/ or employee of the C.H. Robinson defendants in furtherance of their business.
> 11. At all times hereinafter mentioned, defendant Jetro Cash and Carry Enterprise, LLC ("Jetro") is a foreign corporation organized under the laws of Delaware with a principal place of business outside of New York within the meaning of 28 USC

Section 1332.

Ex. U to Frowley Aff. (DE 65-21) ¶¶ 1-11.

A comparison of the allegations regarding the parties contained in the amended complaint to the allegations recited above readily reveals that the only difference relates to Jetro. Thus, the deficiencies noted with respect to Plaintiff, the Robinson Defendants, Caranza and JAF remain and thus remand remains appropriate.

Nonetheless, given that based on the allegations in the notice of removal[3] plaintiff may well be able to cure these deficiencies, the Court will address the issue raised by the parties - the citizenship of Jetro for diversity purposes.

Jetro maintains that diversity does not exist because it, like Plaintiff, is a citizen of New York. In support of its position, it submits the affidavit of Brian E. Emmert, an officer of Jetro and of JRD Unico, Inc. ("JRD Unico"). Emmert Aff. (DE 61-7) ¶1. According to that affidavit, (1) the sole member of Jetro is Jetro Holdings, LLC (" Jetro Holdings"), a Delaware limited liability company; (2) the sole member of Jetro Holdings is JRD Holdings, LLC ("JRD Holdings"), another limited liability company; (3) the sole member of JRD Holdings is JRD Unico, which is a Delaware corporation; and (4) the principal place of business of Jetro "and all of the aforementioned entities is located in the State of New York at 15-24 132nd Street in College Point." *Id*. at ¶ 2. It is further averred: "The decision making and coordination for all of the aforementioned Jetro entities takes place in the State of New York at the College Point location. . . . JRD Unico, Inc.'s officers direct, control and coordinate the corporation's activities

---

[3] According to the notice of removal, Plaintiff is a citizen of New York, the principle places of business of all the Robinson Defendants is Minnesota and Caranza is a citizen of Virginia. [DE 1.]

solely from the College Point headquarters at 15-24 132nd Street. The College Point, New York headquarters is the nerve center of JRD Unico, Inc." *Id*. at ¶¶ 2,4.

Plaintiff's response to the assertion that New York is the principal place of business of JRD Unico and therefore diversity jurisdiction does not exist is best exemplified by the following excerpt from her reply brief:

> Although it has taken some "digging" to get to the bottom of the "nerve center" issue, counsel for Jetro's suggestion that JRD Unico, Inc. is at the "top of the corporate structure" has led us to discover we were incorrect in some of our allegations on this motion but correct in the more essential ones. JRD Unico Inc. is not at the top of the corporate structure, as defense counsel for Jetro alleges. It is evidently just one of about 28 different companies, ten of which are active, including Restaurant Depot, LLC, Restaurant Depot Enterprises, LLC and Jetro Management and Development Corp. all of which are overseen by one Stanley Fleishman, as CEO (Exhibit "A").
> But all of these entities are either owned in whole or significant part and are controlled by a South African holding company called Kirsh Holdings (Exhibit "B"). Kirsh Holdings is owned and controlled by a South African billionaire named Nathan "Natie" Kirsh who at one time sold 80 percent of his business to the Swiss supermarket conglomerate Metro Holding, now called Grospart. But that company later sold its share back to him. So we were incorrect in our allegation that at the time of this occurrence the defendant Jetro was owned by Grospart. But, most respectfully, we were not incorrect in our allegation that Jetro is part of a large group of corporations whose nerve center is in a foreign country. The foreign country in this case is South Africa where Kirsh Holdings is located.
> . . . Plaintiff is not claiming that diversity is based on the citizenship of Jetro's corporate parent. Instead, it is plaintiff's assertion based on the reality of the circumstances that Jetro's "nerve center" for jurisdictional purposes is outside of New York. The fact that the entire Jetro organization is owned and inferentially controlled by a holding corporation overseas is substantial proof that Jetro's nerve center is not in Queens, New York, but in a foreign jurisdiction.

Frowley Reply Aff. (DE 66) at ¶¶ 4-6.

Putting aside that Plaintiff's assertions regarding these other companies and their relationship to Jetro are supported by internet articles, the veracity of which cannot be verified, the citizenship of the shareholder of JRD Unico or where the shareholder is located is irrelevant to the citizenship of Jetro. The upstream analysis mandated by *Bayerische* does not go on ad infinitum. As the Circuit's discussion makes clear, the analysis stops when there are no more entities whose citizenship is dependent on another entity. *See* 692 F.3d at 49 ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members. Defendant Aladdin has one member: ACH. ACH, [an LLC,] in turn, has ten members: four United States citizens who are domiciled in states of the United States and are thus citizens of those states; four companies with domestic places of incorporation and principal places of business; one limited partnership with its principal place of business and all three of its U.S.-citizen partners domiciled in Connecticut; and a company incorporated in Delaware with its principal place of business in Tokyo, Japan.") (internal citations omitted).

Nor do the materials submitted by Plaintiff support its assertion that JRD Unico's principal place of business is "outside New York." Jetro has properly supported its position that JRD Unico's principal place of business is in New York. The evidence as to the locale, activities, and other corporate holdings of JRD Unico's shareholder, in addition to being inadmissible hearsay, is not relevant in this case to JRD Unico's principal place of business and ergo Jetro's citizenship for diversity purposes. *See OneWest Bank, N.A. v. Melina*, 2015 WL 5098635, *2 (E.D.N.Y. Aug. 31, 2015) ("[T]he citizenship of any actual or proposed parent of OneWest does not control OneWest's citizenship for purposes of diversity jurisdiction.") (citing *Frisone v.*

*Pepsico, Inc.*, 369 F. Supp.2d 464, 472 (S.D.N.Y. 2005) ("As a general rule, a separately incorporated entity is . . . considered to have its own principal place of business.") (internal quotation marks omitted); Charles Alan Wright et al., 13F Federal Practice & Procedure § 3625 (3d ed.) ("The general rule applied by the federal courts in numerous cases in this situation is that a subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation.")), *aff'd*, 827 F.3d 214 (2016).

## CONCLUSION

For the reasons set forth above, the motions of defendants are granted to the extent that this case is remanded to the Supreme Court, Suffolk Court. Plaintiff's motion to amend her complaint is denied.

**SO ORDERED.**

Dated: Central Islip, New York
       March 28, 2017                                   /s  Denis R. Hurley
                                                                    Denis R. Hurley
                                                                    United States District Judge